UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**METH LAB CLEANUP, LLC,**

    **Plaintiff,**

v.                                                          Case No. 8:10-cv-2550-T-30TGW

**SPAULDING DECON, LLC and**
**LAURA SPAULDING,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion to Strike Ten Affirmative Defenses and Motion for Rule 12 Dismissal of Defendants' Counterclaim (Dkt. 8) and Defendants' Response in opposition (Dkt. 13). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## **BACKGROUND**

This is a copyright and trademark infringement action brought by Plaintiff Meth Lab Cleanup, LLC ("MLCC") against Defendants. MLCC offers comprehensive drug lab decontamination solutions, which includes decontamination fo methamphetamine laboratory facilities. MLCC offers these services under the mark METH LAB CLEANUP, as well as multiple trademark registrations, including the mark METH LAB CLEANUP LLC.

Defendant Spaulding Decon, a Tampa Bay vendor of drug decontamination services, is a former independent contractor of MLCC. Its owner, Defendant Laura Spaulding, attended one of MLCC's training seminars and was provided a copy of the training materials.

MLCC filed the instant complaint, alleging that Laura Spaulding created a copycat website, which displayed portions of MLCC's copyrighted material, including material from MLCC's website. MLCC asserts five claims of copyright and trademark infringement against Defendants based on Defendants' alleged unlawful acts of using MLCC's marks on their website and via other interstate business channels.

Defendants answered Plaintiff's complaint and asserted affirmative defenses and counterclaims, seeking, in part, cancellation of MLCC's portfolio of registrations for the mark METH LAB CLEANUP LLC based upon MLCC's alleged fraudulent sworn statements made in the applications submitted to the USPTO.

This case is now at issue upon Plaintiff's motion to strike ten of Defendants' affirmative defenses and motion to dismiss Defendants' counterclaims related to the allegations of MLCC's purported fraud.

## DISCUSSION

**I.     Plaintiff's Motion to Strike**

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to strike any "insufficient defense"; however, it is well settled among courts in this circuit that motions to strike are generally disfavored and will usually be denied unless it is clear the pleading sought to be stricken is insufficient as a matter of law. *Blanc v. Safetouch, Inc.*, 2008 WL

4059786, *1-2 (M.D. Fla. Aug. 27, 2008) (*citing Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chemical Corp.,* 684 F.2d 776 (11th Cir. 1982); *Thompson v. Kindred Nursing Centers East, LLC,* 211 F. Supp. 2d 1345 (M.D. Fla. 2002); *In re Sunbeam Securities Litigation,* 89 F .Supp.2d 1326 (S.D. Fla. 1999)). A "court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id.* (*citing Reyher v. Trans World Airlines, Inc.,* 881 F. Supp. 574 (M.D. Fla. 1995)).

The Court finds Defendants stated their affirmative defenses in short and plain terms, and that those affirmative defenses adequately place Plaintiff on notice as to the issues to be litigated. Accordingly, Plaintiff's motion to strike is denied.

## II.   Plaintiff's Motion to Dismiss

To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1959, 1965; *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding *Twombly* "as a further articulation of the standard by

which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Plaintiff argues that Defendants' counterclaims (Counts I-IV), which include four declaratory actions seeking cancellation of MLCC's trademark portfolio, (because they were procured by fraud), must be dismissed because they fail to plead the fraudulent acts with sufficient particularity. The Court disagrees.

A third party may petition to cancel a registered service mark on the grounds that the registration was obtained fraudulently. *Metro Traffic Control, Inc. v. Shadow Network Inc.*, 104 F.3d 336, 340 (Fed. Cir. 1997) (*citing Torres v. Cantine Torresella S.r.l.,* 808 F.2d 46, 47-48, 1 USPQ2d 1483, 1483-84 (Fed. Cir. 1986)). Fraud in procuring a service mark occurs when an applicant knowingly makes false, material representations of fact in connection with an application. *Id.* "'[T]he obligation which the Lanham Act imposes on an applicant is that he will not make *knowingly* inaccurate or *knowingly* misleading statements in the verified declaration forming a part of the application for registration.'" *Id.* at 48 (*quoting Bart Schwartz Int'l Textiles Ltd. v. Federal Trade Comm'n,* 48 C.C.P.A. 933, 289 F.2d 665, 669, 129 USPQ 258, 260 (1961) (emphasis in original)).

Plaintiff's arguments in favor of dismissal appear to attack the veracity of Defendants' allegations, which would be an issue for summary judgment. Moreover, the Court concludes that Defendants' counterclaims assert sufficient allegations of fraud. Defendants claim that Plaintiff knew that the applications did not qualify under Section 2(f) of the Trademark Act

because Plaintiff was not the substantial and exclusive user of the marks during the relevant period of time (five years or more). Specifically, Defendants claim that Joseph and Julie Mazzuca knowingly submitted false affidavits claiming MLCC's marks had become distinctive because of this purported substantial and exclusive use when they knew that they were not the only users of the marks.

The Court also concludes that a general averment of damages is sufficient at this stage. Accordingly, Plaintiff's motion to dismiss is denied

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion to Strike Ten Affirmative Defenses and Motion for Rule 12 Dismissal of Defendants' Counterclaim (Dkt. 8) is hereby DENIED.

**DONE** and **ORDERED** in Tampa, Florida on February 4, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-CV-2550.mtdismiss8.frm